The Honorable Stephen M. Simon State Representative 13 Bud Chuck Lane Conway, Arkansas 72032-9788
Dear Representative Simon:
This is in response to your request for an opinion on whether it is "legal for a rural water district to charge fees unrelated to the general operation of the water district." Specifically, your note that the following note was attached to the monthly bill of the "Beaverfork Water Division" members' bill:
Dear Fellow Members:
 In lieu of raising the water rates, a $1.00 Special Service Charge will be added to the water bills to help meet the cost of legal representation during project closure in which we plan to recover over $30,000 for private property damages caused by the Construction Contractor.
 The service charge will first appear on the bills mailed September 30, 1999, and will remain in effect until legal representation is no longer needed.
RESPONSE
Your question is whether it is legal for the "rural water district" to charge this fee. I must decline to answer this question, as its resolution will of necessity include a review of the by-laws and articles of incorporation of the private water entity at issue and reference to pertinent facts to which I am not privy. I am prohibited from the private practice of law (A.C.A. § 25-16-701) and am not empowered or authorized, in the issuance of official opinions, to act as a fact-finder.
It is my understanding that the "rural water district" or "Water Division" to which you refer is actually a division of the Beaverfork Volunteer Fire Department, Inc., a private nonprofit corporation organized under the provisions of Act 176 or 1963 and Act 1147 of 1993. The ability of such corporations to impose "service charges" is not specifically addressed by state law. See however, A.C.A. § 4-33-302(14) (Repl. 1996) (unless articles of incorporation provide otherwise, nonprofit corporation may "impose dues, assessments, admission and transfer fees upon its members); and A.C.A. § 4-33-613 (Repl. 1996) (a member may become liable to the corporation for dues, assessments or fees; provided, however, that an article or by-law provision or a resolution adopted by the board authorizing or imposing dues, assessments or fees does not, or itself, create liability).
The resolution of the question you pose (whether the service charge referenced in your question is legal), would require an analysis of all the surrounding facts. I have been provided with neither the articles of incorporation or by-laws of the private nonprofit corporation, nor with sufficient facts to determine the legality of the charge at issue. In any event, the resolution of such question requires the resolution of private rights. I must decline to issue an opinion on such matters. See, e.g., Ops. Att'y Gen. No. 96-353 (Attorney General, citing prohibition against private law practice, declines to issue opinion on questions regarding the replacement of a private water association board member); 94-173 (Attorney General notes that ultimate answer to question of the legality of imposing a second membership fee when service is reestablished by a rural water users association will turn upon the articles of incorporation or by-laws of the association); and 91-311, (Question 4) (Attorney General declines to address question of whether one water district may hold other water districts liable for additional expenses under joint arrangement between them because question is one of fact and he is prohibited from the private practice of law).
The answer to the question you pose must therefore be resolved with the aid of private counsel.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh